UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL RODRIGUEZ-GARCIA, | No. 2:23-cv-0849-SCR-P |
| Petitioner, | |
| v. | ORDER AND |
| WARDEN, FCI-HERLONG, | FINDINGS & RECOMMENDATIONS |
| Respondent. | |

Petitioner is a federal inmate proceeding without counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241. Currently pending before the court is respondent's motion to dismiss. For the reasons explained below, the undersigned recommends denying the motion and ordering respondent to file an answer.

**I.     Factual and Procedural History**

Court records from this judicial district, of which this court takes judicial notice, indicate that petitioner was convicted of possession with the intent to distribute methamphetamine and illegal reentry following a guilty plea.[1] See United States v. Rodriguez-Garcia, No. 1:16-cr-00067-LJO-SKO-1 (E.D. Cal.). On January 30, 2107, he was sentenced to a total term of 135 months in prison followed by 60 months of supervised release. See United States v. Rodriguez-

---

[1] A court may take judicial notice of its own records in other cases. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980).

Garcia, No. 1:16-cr-00067-LJO-SKO-1, ECF No. 26. Petitioner's direct appeal was dismissed by order dated June 15, 2017. See id. at ECF No. 31.

On April 28, 2023, petitioner, who is presently confined at FCI-Herlong, within this judicial district, filed a habeas corpus petition.[2] ECF No. 1. Petitioner seeks an order requiring the BOP to apply additional time credits earned pursuant to the First Step Act of 2018 ("FSA") to advance his release date. ECF No. 1 at 3. Specifically, petitioner submits that he is entitled to an additional 365 days of earned time credits ("ETCs"). ECF No. 1 at 2. Absent these earned time credits, petitioner's projected release date according to BOP records is November 23, 2025. ECF No. 1 at 2. Petitioner also indicates that he is not subject to any final order of deportation that would prevent him from being eligible to receive these FSA time credits. See ECF No. 1 at 7 (BOP Individualized Needs Plan indicating that petitioner had a detainer lodged against him by Immigration and Customs Enforcement ("ICE") based on his "possible deportation."). According to BOP's current Program Statement regarding ETCs, petitioner submits that he is eligible to receive FSA time credits and BOP should be ordered to apply them to petitioner's sentence.

In the motion to dismiss, respondent argues that petitioner did not fully exhaust his administrative remedies within BOP prior to filing his § 2241 petition because he did not file a complaint at all three levels of review. ECF No. 11 at 4-5. Respondent provides BOP records indicating that petitioner submitted a compassionate release motion seeking First Step Act credits to the Warden of FCI-Herlong on March 24, 2022. ECF No. 11-1 at 15. The Warden responded on March 29, 2022 indicating that the request was forwarded to the Unit Manager. ECF No. 11-1 at 15. After no further response was received, it appears that petitioner proceeded to the next level of administrative review. However, this request was rejected on May 18, 2022 because he "did not provide the necessary evidence" to show his attempt at informal resolution of his grievance. ECF No. 11-1 at 12.

Respondent also asserts that petitioner is barred from receiving FSA time credits, he lacks standing, and he fails to state a claim all because he is subject to an order of removal issued by

---

[2] The constructive filing date has been calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

2

Immigration and Customs Enforcement ("ICE").  ECF No. 11-1 at 3.  In support of these contentions, respondent provided a Declaration from a BOP Paralegal Specialist indicating that ICE provided a final order of removal for petitioner which was submitted to FCI-Herlong.  ECF No. 11-1 at 3.  However, respondent did not provide a copy of the final order of removal to this court.  Based on the Paralegal Specialist's review of the final order of removal, respondent argues that petitioner is not eligible to have ETCs applied.  ECF No. 11-1 at 3 (citing 18 U.S.C. § 3632(d)(4)(E)(i)).

On October 2, 2024, the court directed petitioner to file any opposition to the motion to dismiss within 30 days.  ECF No. 13.  Petitioner has not filed an opposition and the time to do so has expired.

**II.      Legal Standards**

**A.  Section 2241 Jurisdiction**

A federal inmate challenging the manner, location, or conditions involved in the execution of their sentence, may file a habeas corpus petition pursuant to 28 U.S.C. § 2241.  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam).  Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement.  Hernandez, 204 F.3d at 864.  Petitioner's challenge to the computation of his sentence by the BOP is properly raised in a § 2241 petition since it challenges the manner in which his sentence is being executed.  See Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015).

**B.  First Step Act**

The First Step Act of 2018 ("FSA") made several important changes to the duration of federal prison sentences.  See Pub. L. No. 115-391, 132 Stat. 5194.  As relevant to the pending habeas petition, it created an evidence-based recidivism reduction ("EBRR") program that incentivizes inmates to participate in and complete programs and productive activities ("PAs") by awarding them "10 days of time credits…" and "an additional 5 days of time credits for every 30 days of successful participation" if the prisoner is classified as a minimum or low risk of recidivism.  18 U.S.C. § 3632(d)(4)(A).  The BOP implemented its final agency rules regarding the earning and awarding of ETCs under the First Step Act on January 19, 2022.  See 28 C.F.R.

§§ 523.40 *et seq*. Mere suspicion that an individual may be removable is insufficient to disqualify an individual from receiving FSA ETCs. On February 6, 2023, the BOP issued Change Notice 5410.01 CN-1 which no longer categorically prohibited federal prisoners with immigration detainers from having FSA earned time credits applied to their sentences. See Alatorre v. Derr, No. CV 22-00516 JMS-WRP, 2023 WL 2599546, at *5 (D. Haw. Mar. 22, 2023) (explaining effect of BOP Change Notice). However, "[a] prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]" 18 U.S.C. § 3632(d)(4)(E)(i).

### C. Administrative Exhaustion

The Bureau of Prisons has adopted an administrative review process for inmate grievances that "seek formal review of an issue relating to any aspect of his/her own confinement." See 28 C.F.R. § 542.10(a). This inmate grievance procedure involves an informal level and three formal levels of review starting with the institution where the grievance occurred. See 28 C.F.R. § 542.13- 28 C.F.R. § 542.15. If the inmate is dissatisfied with the warden's decision, he or she may then appeal to the Regional Director and then to the General Counsel of the BOP. See 28 C.F.R. § 542.15. The decision by the General Counsel constitutes the final administrative decision by the BOP. Id. The specific procedures to be followed at each level of review as well as the timeframe in which the agency is required to respond to the grievances have been established by internal regulations. See 28 C.F.R. § 542.10 *et seq*.

### III.   Analysis

Federal prisoners must first exhaust their administrative remedies through the BOP before petitioning a federal court for time credit against their sentence. Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984). However, since the habeas corpus statute under which petitioner seeks relief does not require exhaustion of administrative remedies, it is not a jurisdictional requirement. See Montgomery v. Rumsfeld, 572 F.2d 250, 253 (9th Cir. 1978) (emphasizing that "[t]he underlying goal of the courts in making such determinations is, of course, the expeditious administration of justice, both in courts and agency tribunals."). As a result, this court has the discretion to excuse petitioner's failure to exhaust and reach the merits of

his habeas claims. See Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995). In considering whether this requirement should be excused, courts should consider whether: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (citations omitted). The exhaustion requirement may be bypassed by the court when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting S.E.C. v. G.C. George Sec., Inc., 637 F.2d 685, 688 (9th Cir. 1981)).

The record in this case reveals that petitioner's current release date is November 23, 2025 absent any FSA time credits. Petitioner indicates that he has earned 365 days of time credits. ECF No. 1 at 2. Liberally construing his claim, as this court is required to do, it appears that petitioner may be confined beyond his adjusted release date if FSA time credits were applied. See Haines v. Kerner, 404 U.S. 519 (1972) (per curiam) (applying liberal construction rule to pro se pleadings "however inartfully pleaded."). Thus, failing to review the merits as soon as possible would result in irreparable injury to petitioner.[3] In this circumstance, the court finds that the exhaustion requirement should be excused in this case and that the court should exercise its discretion to review the claim on the merits. See Laing, 370 F.3d at 1000. The undersigned recommends denying respondent's motion to dismiss based on petitioner's failure to exhaust his administrative remedies.

The remaining arguments in the motion to dismiss concern whether petitioner is subject to a final order of removal, thus rendering him ineligible for FSA time credits. Respondent frames

---

[3] The BOP Regional Director has 30 calendar days to respond to an inmate grievance and the BOP General Counsel has 40 calendar days to respond at the third level of administrative review. See 28 C.F.R. § 542.18. These response deadlines may also be extended "[i]f the time period for response…is insufficient to make an appropriate decision…." Id.

5

those arguments in terms of petitioner's alleged lack of standing, a jurisdictional prerequisite. Where, as here, a "factual attack" on subject matter jurisdiction is made under Federal Rule of Civil Procedure 12(b)(1), a party may rely on evidence outside the pleadings. See Edison v. United States, 822 F.3d 510, 517 (9th Cir. 2016). However, a "[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." Sun Valley Gasoline, Inc. v. Ernst Enters., Inc., 711 F.2d 138, 139 (9th Cir. 1983) (quotations omitted).

Respondent claims that "BOP, Department of Homeland Security, and Immigration and Customs Enforcement (ICE) records indicate Petitioner has a 'final order of removal.'" ECF No. 11 at 2. However, Respondent has not submitted a copy of that final order of removal. The paralegal specialist's declaration that describes the final order of removal does not provide any details about it, stating only that "ICE Authorities have … provided Petitioner's final order of removal, which I have reviewed and which I understand has been forwarded by counsel to FCI Herlong to be filed in Petitioner's central file and provided to Petitioner." ECF No. 11-1 at 3. There is no information about when and under what authority the final order of removal was issued.

Petitioner filed no opposition to the motion to dismiss. As a result, it would be unfair to construe the status of any removal order against petitioner as a "genuinely disputed fact" not amenable to determination on a motion to dismiss. Nevertheless, it remains unclear whether petitioner "*is* the subject of a final order of removal," 18 U.S.C. § 3632(d)(4)(E)(i) (emphasis added), and is therefore ineligible for FSA time credits. The undersigned has no doubt that at some point ICE executed a final order of removal against petitioner. The paralegal specialist notes that ICE provided "Petitioner's final order of removal" and the factual basis for Petitioner's guilty plea admits he was "previously deported." See United States v. Rodriguez-Garcia, No. 1:16-cr-00067-LJO-SKO-1, ECF No. 17 at 12. However, § 3632(d)(4)(E)(i) uses the present tense "is" to refer to an individual "subject to a final order of removal." This phrase seemingly

////

6

refers to an order of removal that can *presently* be executed, not some previous order of removal that was already executed.[4]

ICE lacks the legal authority to subject an individual to deportation based on the same removal order more than once. See Morales-Izquierdo v. Gonzales, 486 F.3d 484, 487 (9th Cir. 2007) (en banc) ("When an alien subject to removal leaves the country, the removal order is deemed to be executed. If the alien reenters the country illegally, the order may not be executed against him again unless it has been 'reinstated' by an authorized official."). Rather, in that circumstance, ICE may issue a unique "reinstated removal order." A reinstated removal order can be issued without a hearing, but nonetheless requires that certain procedures be followed, including affording the targeted individual an opportunity to petition a court of appeals for review of the reinstated removal order and to claim a fear of persecution or torture. See 8 C.F.R. § 241.8(e). There is nothing in the record to suggest that ICE has reinstated petitioner's removal order or undertaken some other legal process that led to a new order of removal. The reference to "petitioner's final order of removal" could very well involve a final order of removal that was executed years ago.

In short, after reviewing the instant § 2241 petition along with the exhibits attached to the motion to dismiss, it is not clear to the undersigned that petitioner is statutorily ineligible for FSA time credits based on a final order of removal. Absent such evidence, the undersigned recommends denying respondent's motion to dismiss without prejudice to filing an answer and lodging relevant parts of the record for the court's review. See Rule 5(c) of the Rules Governing Habeas Corpus Cases Under Section 2254.[5]

////

---

[4] Certain provisions of the Immigration and Nationality Act use the phrase "subject to a final order of removal" to refer to a final order of removal that can presently be executed. See, e.g., 8 U.S.C. § 1324d(a) (civil penalties for a noncitizen "subject to a final order of removal" who fails to depart the United States or cooperate in the removal process).

[5] These rules are also applicable to habeas corpus petitions filed pursuant to 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 (stating that the district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)).

7

**IV.     Plain Language Summary for Party Proceeding Without a Lawyer**

Since petitioner is representing himself in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court recommends that the exhaustion of administrative remedies be excused in your case due to your impending release date. Since a copy of your final order of removal was not provided to the court by respondent, it is recommended that the motion to dismiss be denied and that respondent be directed to file an answer to the § 2241 petition.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review the matter and issue a final decision.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district judge.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be denied.

2. Respondent be directed to file an answer to petitioner's § 2241 application and to lodge any relevant parts of the record for the court's review on the merits.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////
////
////
////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 7, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE